949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Eugene SMITH, Defendant/Appellant.
 No. 91-1143.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 9, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Eugene Smith of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and of using a firearm during the commission of a violent felony in violation of 18 U.S.C. § 924(c)(1). Smith was sentenced to 138 months of incarceration. Smith appeals both his section 924(c)(1) conviction and his sentence. We affirm.
 
 FACTS
 
 2
 On June 11, 1990, Smith entered the Security Bank, approached teller Tracy Daniels, and announced his intention to rob the bank. Smith also told Daniels that he had a gun. Daniels testified that Smith displayed the gun in the palm of his hand. She then gave Smith the requested money. Daniels did not activate the bank's alarm or give Smith "bait" money. Smith left the bank with $2,813.00 and returned to his home.
 
 
 3
 Bank surveillance cameras photographed Smith robbing the bank. These photographs do not indicate conclusively whether Smith possessed a gun during the robbery.[1] When the police apprehended Smith they did not find a gun on his person. A search of Smith's residence also did not reveal a gun. However, an acquaintance of Smith's, Ms. Beckman, testified that she heard Smith say that he threw the gun away.
 
 
 4
 A jury convicted Smith of armed robbery and use of a firearm during the commission of a violent felony. Smith filed a motion for acquittal or, in the alternative, for a new trial, on the ground that insufficient evidence supported his use of a firearm conviction. The district court denied Smith's motion finding that Daniels' testimony concerning the weapon was credible. At sentencing, Smith admitted that he robbed the bank, but maintained that he did not use a gun during the robbery. The district court denied Smith a two-level reduction for acceptance of responsibility under U.S.S.G. (Guideline) § 3E1.1 and sentenced him at the high level of his Guideline range.
 
 ANALYSIS
 A. Sufficiency of the Evidence
 
 5
 On appeal, Smith argues that Ms. Daniels' testimony was inherently incredible, so there was insufficient evidence to establish that he possessed a weapon during the commission of the robbery. Smith points to Daniels' statement on cross-examination that she did not know for a fact that the gun was real in support of this claim. Smith also argues that Daniels' testimony was incredible because it was uncorroborated. Smith notes that a gun is not visible in the surveillance photographs and that police officers never discovered a gun during the investigation.
 
 
 6
 Smith bears a heavy burden in challenging the sufficiency of the evidence. United States v. Scroggins, 939 F.2D 416, 421 (7th Cir.1991). This is especially true because Smith's case was tried to a jury. See United States v. Brownlee, 937 F.2D 1248, 1252 (7th Cir.1991). Viewing the evidence in the light most favorable to the government, Jackson v. Virginia, 443 U.S. 307, 319 (1979), we hold that the jury could have reasonably concluded that Smith possessed a weapon during the commission of the robbery. Daniels consistently testified that Smith held a weapon in the palm of his hand until she gave him the requested money. Daniels' testimony, even uncorroborated, is sufficient to meet the government's burden. See United States v. Beverly, 913 F.2d 337, 358 (7th Cir.1990) (uncorroborated and circumstantial testimony is sufficient to support a verdict).
 
 
 7
 However, other evidence supports Daniels' testimony that Smith possessed a gun. Ms. Beckman, testified that she was present at Smith's residence on the day of the robbery. She stated that she saw Smith's brother Percy, prior to the robbery, retrieve a small pistol from the house at Smith's direction. Ms. Beckman also testified that after the robbery she heard Percy ask Smith what he did with the gun and Smith respond that he threw the gun away. Even though a gun was not visible in the surveillance photographs and the investigation into the robbery did not reveal a gun, the government presented ample trial testimony concerning Smith's use of a gun during the robbery. The jury was entitled to rely on this testimony. We will not disturb the jury's credibility determinations absent exceptional circumstances. United States v. Colston, 936 F.2d 312, 316 (7th Cir.1991). Such circumstances are not present in this case. See United States v. Cardona-Rivera, 904 F.2d 1149, 1152 (7th Cir.1990), and cases cited there (discussing circumstances warranting a reversal of fact-finder's credibility determinations).
 
 B. Sentencing
 
 8
 Smith contends that the district court should have granted him a two-level reduction for acceptance of responsibility under Guideline § 3E1.1. The district court concluded that Smith was not entitled to the two-level reduction because he did not accept responsibility for all of his convicted conduct. In so concluding, the district court found that while Smith
 
 
 9
 did come to the table perhaps with a degree of good faith and openness, the reality here is that for whatever reason, whether it's because of looking at an additional five-year prison term or whatever, you chose not to and still apparently choose not to disclose what the evidence had already proven to a jury of 12, that a weapon was utilized in connection with the commission of an offense.
 
 
 10
 We accord the district court's factual determination that Smith did not accept responsibility great deference on review and will not disturb it unless it lacks foundation. United States v. Song, 934 F.2d 105, 109 (7th Cir.1991). The record provides ample support for the district court's decision not to reduce Smith's sentence under Guideline § 3E1.1. Although Smith admitted to robbing the bank, he has never acknowledged that he possessed a weapon during its commission. Thus, Smith has not accepted responsibility for his section 924(c) conduct.
 
 
 11
 Last, Smith contends that his sentence was "unfair" because his total sentence exceeded the guideline range for the specific offense of armed robbery.[2] However, Smith's contention is unsupported by any legal authority. United States v. Cherif, 943 F.2d 692, 702 (7th Cir.1991).
 
 CONCLUSION
 
 12
 Accordingly, Smith's conviction and sentence are
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Smith's hands are not clearly visible in the three surveillance photographs in the record
 
 
 [2]
 Smith points out that had the United States Attorney elected to charge the defendant solely with armed robbery under section 2113, rather than also charging him under 18 U.S.C. 924(c), his guideline range would only have been 84 to 105 months. See Guideline § 2B3.1